

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIETA ALVAREZ,

              Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN,

              Defendant - Appellee.

No. 12-56612

D.C. No. 2:11-cv-07444-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Victor B. Kenton, Magistrate Judge, Presiding

Submitted March 7, 2014[**]
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

Julieta Alvarez appeals from the district court's order affirming the

Administrative Law Judge's (ALJ's) denial of benefits.  We have jurisdiction

under 28 U.S.C. § 1291.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The ALJ did not err in discounting the opinion of Alvarez's treating physician, Dr. Larsen, while giving more weight to the findings of Dr. Rosco and Dr. Rosenberg, because the ALJ provided "specific and legitimate reasons supported by substantial evidence in the record." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ explained that Dr. Larsen's opinion conflicted with evidence in the record, while the opinions of Dr. Rosco and Dr. Rosenberg were consistent with each other and with the evidence in the record. Because the ALJ is obliged to make a disability determination based on social security law, the ALJ was not bound by Dr. Larsen's finding that Alvarez was temporarily totally disabled for purposes of California workers' compensation. 20 C.F.R. § 404.1504. We also reject Alvarez's argument that the ALJ was obliged to credit Dr. Larsen's reports because he credited Dr. Pollis's reports. Among other reasons, Dr. Pollis's reports were substantially different than Dr. Larsen's reports.

The ALJ's determination of the onset date of Alvarez's disability is not supported by substantial evidence. At an administrative hearing on May 23, 2011, the ALJ stated that if he credited the assessment of Alvarez performed by Dr. Pollis in February 2011, Alvarez was disabled as of February 2011 and had been disabled for two years prior to that date, so that her disability onset date was February 2009. In his opinion, however, the ALJ credited Dr. Pollis's report but

2

concluded that the disability onset date was February 2011. The ALJ did not explain the inconsistency between this date and his prior opinion that the onset date was February 2009; nor did he call a medical expert to resolve the ambiguity in the record. *See Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) (noting that Social Security regulations require an ALJ to "call a medical expert to assist in determining the onset date" of disability "where a record is ambiguous as to the onset date"). We therefore remand for the ALJ to determine the correct disability onset date based on evidence in the record and, if necessary, the assistance of a medical expert.

**REVERSED AND REMANDED.**